# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3398 | DATE | 12/2/2003 |
| CASE TITLE | Drikos vs. City of Palos Heights | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion and order, defendant's 12(b)(6) to dismiss plaintiff's complaint [3-1] is denied. Defendant to file an answer to the complaint by 12/23/03. Parties to exchange Rule 26(a)(1) disclosures by 1/22/04. Status hearing set for 2/4/04 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials

date/time received in central Clerk's Office

number of notices

DEC 03 2003 date docketed

docketing deputy initials

Document Number

7

date mailed notice

mailing deputy initials

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE DRIKOS, | ) | |
| | ) | |
| PlaintifF, | ) | |
| | ) | |
| v. | ) | No: 03 C 3398 |
| | ) | |
| CITY OF PALOS HEIGHTS, an Illinois | ) | Judge John W. Darrah |
| Municipal Corporation; | ) | |
| CITY OF PALOS HEIGHTS POLICE | ) | |
| DEPARTMENT; THE BOARD OF FIRE | ) | |
| AND POLICE COMMISSIONERS; and | ) | |
| PALOS HEIGHTS POLICE CHIEF | ) | |
| LARRY YOTT, in his official and individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
DEC 0 3 2003

## MEMORANDUM OPINION AND ORDER

The Plaintiff, George Drikos, sued the Defendants, the City of Palos Heights, the City of Palos Heights Police Department, the Board of Fire and Police Commissioners, and Palos Heights Police Chief Larry Yott, for a violation of 42 U.S.C. § 1981, a conspiracy to discriminate in violation of § 1981, and a breach of contract. Now before the Court is the Defendants' 12(b)(6) Motion to Dismiss. For the following reasons, that Motion is denied.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rules

of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are taken as true from Plaintiff's Complaint. Plaintiff is a Greek-American male who started working for the City of Palos Heights Police Department in July 1990. Plaintiff is the only fully ethnic, bi-lingual Greek member of the Palos Heights Police Department.

Defendants offered Plaintiff a promotion to the rank of sergeant by announcing a promotion examination. Defendants promised Plaintiff that officers would be ranked, in numerical order, according to the performance on the exam. Officers would then be promoted in strict rank order. Plaintiff accepted this offer by taking the examination and continuing to work.

Plaintiff took and passed a promotion test given by the Palos Heights Police Department for the position of sergeant. After the test, Plaintiff was placed number one on the eligibility list. Despite this ranking, Plaintiff was not promoted to the rank of sergeant. The position of sergeant remained open until a less qualified person, with a lower rank on the promotional eligibility test and not of Greek origin, was promoted.

## ANALYSIS

Defendants first argue that Greek-Americans are not a protected class under § 1981. A *prima facie* case of ethnicity discrimination under § 1981 requires a showing that Plaintiff was a member of a protected class. *See, e.g., Lalvani v. Cook County*, 269 F.3d 785, 789 (7th Cir. 2001).

However, "[t]he proper inquiry here is not whether [Greeks] are considered to be a separate race by today's standards, but whether, at the time Section 1981 was adopted, [Greeks] constituted a group of people that Congress intended to protect." *Bisciglia v. Unified Sch. Dist. Number 1*, 45 F.3d 223, 230 (7th Cir. 1995) (quoting *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 616 (1987) (internal quotations omitted). The Supreme Court concluded that in enacting § 1981, "Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry and racial characteristics." Therefore, § 1981 prevents discrimination against distinctive ethnic groups. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987). At least one court has found that Greeks are a protected class under Title VII. *Ress v. Comptroller's Office*, 97 C 5569, U.S. Dist. LEXIS 277, at * 16 (N.D. Ill. Jan. 12, 2000).

Here, Plaintiff alleges that he was discriminated upon his race, Greek. Under § 1981, Greeks are protected from discrimination bases solely on their ethnicity and ancestry. Therefore, for the purposes of this motion, Plaintiff has stated a valid § 1981 claim.

Defendants next contend that Plaintiff's breach of contract claim is barred by 65 ILCS § 2/10-2.1-15. That statute permits the police board of a municipality to promote officers to the next highest rank if the officer ranks in the top three candidates after taking the promotional

3

exam. According to Defendants, *Sundstrom v. Village of Arlington Heights*, 826 F. Supp. 1143, 1148 (N.D. Ill. 1993), states that an agreement to promote the top-ranked officer on the promotion eligibility list cannot override the statutory discretion given to police boards to promote any candidate from among the three highest candidates on the promotion eligibility list.

However, the holding of the court in *Sundstrom* is not so broad. In ruling on a motion for summary judgment, the *Sundstrom* court stated, "Sundstrom must somehow show that . . . he shared a mutual understanding with [the] Board that the latter had abdicated its statutory discretion in favor of an invariable appointment of the number-one-ranked applicant." The *Sundstrom* court concluded that the plaintiff could not do so, and summary judgment was granted against the plaintiff. *Sundstrom*, 826 F. Supp. at 1148-49. *Accord Hermes v. Hein*, 742 F.2d 350, 355 (7th Cir. 1984).

In this case, Plaintiff alleges Defendants promised to promote officers in strict rank order, based on the results of the promotion eligibility test. For the purposes of a motion to dismiss, this allegation is taken as true. Accordingly, for the purposes of this motion, Plaintiff has stated a valid breach of contract claim.

Finally, Defendants claim that discretionary decisions regarding employment personnel in Illinois are protected by absolute immunity. "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS § 10/2-201; 745 ILCS § 10/2-109.

As Plaintiff points out in his response, however, the Illinois statutory immunity does not apply to contracts. 745 ILCS § 10/2-101(a). This immunity does not apply to constitutional violations either. *People ex rel. Birkett v. City of Chicago*, 758 N.E.2d 25, 30 (Ill. App. Ct. 2001). Defendants did not challenge these arguments in their response. Therefore, for the purposes of this motion, Defendants' claim of immunity does not apply.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

Dated: December 2, 2003

JOHN W. DARRAH
United States District Judge

5