# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3398 | **DATE** | 8/31/2004 |
| **CASE TITLE** | Drikos vs. City of Palos, et. al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendants' motion for summary judgment is granted in part and denied in part. Defendants are granted summary judgment as to plaintiff's breach of contract claim and plaintiff's due process claim. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **SEP 0 3 2004** date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | rbf docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 2004 SEP -2 PM 2:59 | date mailed notice | |
| | | FILED | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

SEP 0 3 2004

GEORGE DRIKOS,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      No: 03 C 3398
                                        )
CITY OF PALOS HEIGHTS, an Illinois      )      Judge John W. Darrah
municipal corporation;                  )
CITY OF PALOS HEIGHTS POLICE            )
DEPARTMENT; THE BOARD OF FIRE           )
AND POLICE COMMISSIONERS; and           )
PALOS HEIGHTS POLICE CHIEF              )
LARRY YOTT, in his official and individual )
capacities,                             )
                                        )
            Defendants.                 )

## MEMORANDUM OPINION AND ORDER

Plaintiff, George Drikos, sued the Defendants, the City of Palos Heights, the City of Palos

Heights Police Department, the Board of Fire and Police Commissioners, and Palos Heights

Police Chief Larry Yott, for a violation of 42 U.S.C. § 1981. Plaintiff contends that he was

denied a promotion on account of his national origin. Plaintiff also alleges that Defendants

engaged in a conspiracy to discriminate in violation of § 1981, breached a contract, and denied

Plaintiff procedural due process. Now before the Court is the Defendants' Motion for Summary

Judgment. For the following reasons, that mtion is granted in part and denied in part.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati*



*Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

The undisputed facts, for the purposes of this motion, taken from the parties' submissions pursuant to Local Rule 56.1(a) & (b), which consist of Defendants' statement of material facts,

Plaintiff's responses thereto, and Plaintiff's statements of additional material facts (referred to herein as "Pl.'s 56.1" and "Def's 56.1") and exhibits, are as follows.

Plaintiff, who is one-hundred percent Greek, is a patrol officer on the Palos Heights Police Department. Pl.'s 56.1 ¶¶ 1, 37. Plaintiff took the sergeant's promotional exam. Pl.'s 56.1 ¶ 22.

According to 65 ILCS 5/10-2.1-15, the Board of Fire and Police Commissioners shall make all promotions from the three highest rated officers, as determined by the promotion examination. Defs.' 56.1 ¶ 25. The rules and regulations of the Board of Fire and Police Commissioners for the City of Palos Heights also states that all promotions shall be made from the three individuals having the highest rating on the promotion examination. Defs.' 56.1 ¶ 26. The Board of Fire and Police Commissioners makes the ultimate decision regarding promotions in the City of Palos Heights. Defs.' 56.1 ¶ 42.

Based on his exam results, Plaintiff ranked first on the sergeant's promotional list. Pl.'s 56.1 ¶ 32. However, since the time Plaintiff took the promotional exam, two other officers were promoted to sergeant. Pl.'s 56.1 ¶ 39. Anthony Petrik scored third highest on the exam and was promoted to sergeant in 2002. Pl.'s 56.1 ¶ 40. Timothy Holder scored second highest on the exam and was promoted to sergeant in 2003. Pl.'s 56.1 ¶ 41. Neither Petrik nor Holder is of Greek origin. Defs.' Ex. A, Pl.'s Am. Compl. ¶ 8.

Plaintiff believed that the officer with the highest score would be promoted, but he never confirmed that belief with any member of the Board of Fire and Police Commissioners nor with any person in a supervisory capacity in the Palos Heights Police Department. Defs.' 56.1 ¶ 36. Plaintiff's only source for his belief was the past custom and practice in the City of

Palos Heights. Defs.' 56.1 ¶ 39. Plaintiff, though, understood the applicable laws and regulations indicated that any one of the top three ranked candidates could be promoted to the position of sergeant. Defs.' 56.1 ¶ 35.

At no time did Plaintiff file a complaint for administrative review of the decision not to promote him. Defs.' 56.1 ¶ 54.

## ANALYSIS

Defendants argue that summary judgment should be granted for a number of reasons. Defendants initially contend that Plaintiff was required to first submit his claims for administrative review, pursuant to the Administrative Review Law. Defendants also argue that summary judgment should be granted as to Plaintiff's due process claim because Plaintiff had no property interest in his promotion. Defendants further assert that Plaintiff has not demonstrated he was denied a promotion in violation of 42 U.S.C. § 1981. Finally, Defendants contend that Chief Yott was not a part of the employment decision and, therefore, should be granted summary judgment.

First, Defendants contend that Plaintiff was required to submit all of his claims for administrative review, as required by the Administrative Review Law. The Administrative Review Law requires a prospective Plaintiff to seek review of an administrative decision within thirty-five days or the claim is barred from judicial review. 735 ILCS 5/3-102; 735 ILCS 5/3-103. All final decisions rendered by Boards of Fire and Police Commissioners are reviewable under the Administrative Review Law. *Burgess v. Bd. of Fire and Police Comm'rs*, 655 N.E.2d 1157, 1160 (Ill. 1995).

However, there is no requirement that Plaintiff exhaust his claims for discrimination filed pursuant to 42 U.S.C. § 1981 under the Administrative Review Law. *Barner v. City of Harvey*, No. 95 C 3316, 1997 WL 139468, at *4-5 (N.D. Ill. Mar. 25, 1997); *Ross v. City of Freeport*, 746 N.E.2d 1220, 1224 (Ill. 2001).

Plaintiff, though, was required to exhaust his state law breach of contract claim, in accordance with the Administrative Review Law. *Stykel v. City of Freeport*, 742 N.E.2d 906, 913 (Ill. 2001). While Plaintiff contends this Court has jurisdiction over his breach of contract claim under 28 U.S.C. § 1367, that provision does not relieve Plaintiff's obligations to exhaust his state law claims. *See Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718-19 (7th Cir. 2000) (explaining that under Illinois law, exhausting claims under the Administrative Review Law is another prerequisite to seeking any court's jurisdiction). Here, it is undisputed that Plaintiff did not file a complaint for administrative review of the decision not to promote Plaintiff. Accordingly, Defendants are granted summary judgment as to Plaintiff's breach of contract claim.

However, even if the contract claim was properly before this Court, there was no contract between the parties, as more fully discussed as follows.

Defendants are also granted summary judgment as to Plaintiff's procedural due process claim. Plaintiff's procedural due process claim states Chief Yott provided a written recommendation to the Palos Heights Board of Fire and Police Commissioners. According to Plaintiff, this recommendation was not part of the promotional scheme and framework established by Illinois law. Therefore, Plaintiff lost his property interest in a promotion without due process of law.

5

For Plaintiff to succeed on his procedural due process claim, he must demonstrate that he had a protectable property interest in his promotion. *See Moore v. Muncie Police & Fire Merit Comm'n*, 312 F.3d 322, 326 (7th Cir. 2002) (*Moore*). Property interests are created from sources such as state laws and regulations. *Moore*, 312 F.3d at 326. "[A]n employee has no property interest in a *prospective* promotion, even when placed on an eligibility or ranking list." *Moore*, 312 F.3d at 327 (emphasis included) (citations omitted).

Here, the relevant state law, 65 ILCS 5/10-2.1-15, and Palos Heights' rules and regulations only placed Plaintiff on a list for a prospective promotion. These rules give decision makers "unfettered discretion" to promote any of the three candidates on the promotional list, absent a "mutual understanding" to the contrary. *Sundstrom v. Arlington Heights*, 826 F. Supp. 1143, 1148-49 (N.D. Ill. 1993) (*Sundstrom*) (citing *United States v. City of Chicago*, 869 F.2d 1033, 1036 (7th Cir. 1989)). Without a mutual understanding to the contrary, no property interest in a prospective promotion exists. *Sundstrom*, 826 F. Supp. at 1149.

Plaintiff argues that, according to the past custom and practice of the City of Palos Height, it was his belief that the officer with the highest score would be promoted. However, it is undisputed that he never confirmed that belief with any member of the Board of Fire and Police Commissioners nor with any person in a supervisory capacity in the Palos Heights Police Department. It is further undisputed that Plaintiff understood the applicable laws and regulations indicated that any one of the top three ranked candidates could be promoted to the position of sergeant. Accordingly, no genuine issue of material fact exists as to whether a contractual, mutual understanding existed which would give Plaintiff a protectable property interest in a prospective promotion to sergeant.

6

Plaintiff's remaining claims are for discrimination under § 1981 and for conspiracy to

discriminate in violation of § 1981. Defendants' only argument with respect to the conspiracy to

discriminate claim is that the conspiracy claim must be supported by an underlying violation.

*See, e.g., Indianapolis Minority Contractors Assoc. v. Wiley*, 187 F.3d 743, 754 (7th Cir. 1999).

Plaintiff does not argue to the contrary. Therefore, whether Defendants are granted summary

judgment on the claim for conspiracy depends on whether Defendants are granted summary

judgment on Plaintiff's § 1981 claim for discrimination.

Plaintiff can meet his burden of proof on his § 1981 claim through either the direct

method or the indirect, burden-shifting method. *Von Zuckerstein v. Argonne Nat'l Lab.*, 984

F.2d 1467, 1472 (7th Cir. 1993) *(Von Zuckerstein).* The burden-shifting method first requires

Plaintiff to prove his *prima facie* case of discrimination by demonstrating that: (1) Plaintiff is a

member of a protected group, (2) Plaintiff applied for and was qualified for the promotion,

(3) Plaintiff was rejected for the promotion by Defendants, and (4) Defendants promoted a

similarly situated person whose national origin differed from Plaintiff's national origin.

*Von Zuckerstein*, 984 F.2d at 1472-73. If Plaintiff proves his *prima facie* case, the burden then

shifts to the Defendants to present a legitimate, non-discriminatory reason for not promoting

Plaintiff. *Von Zuckerstein*, 984 F.2d at 1472. The burden then shifts to Plaintiff to show why

Defendants' stated reasons are pretextual. *Von Zuckerstein*, 984 F.2d at 1472.

In this case, Plaintiff has met his burden on summary judgment of proving his *prima facie*

case: (1) Plaintiff, whose national origin is Greek, is a member of a protected class, *Ress v.*

*Comptroller's Office*, 97 C 5569, U.S. Dist. LEXIS 277, at * 16 (N.D. Ill. Jan. 12, 2000);

(2) Plaintiff, who ranked first on the sergeant's promotional exam, applied for and was qualified

for the position; and (3) Plaintiff did not receive the promotion.

Defendants argue Plaintiff has not met his burden in proving the fourth requirement,

whether similarly situated persons whose national origins differed from Plaintiff's national origin

were promoted. According to Defendants, Plaintiff had been previously disciplined, while Petrik

and Holder, the officers who did receive promotions, were not previously disciplined. However,

both 65 ILCS 5/10-2.1-15 and the rules and regulations of the Board of Fire and Police

Commissioners for the City of Palos Heights provide the only relevant qualifications needed for a

promotion to sergeant: all promotions shall be made from the three individuals having the highest

rating on the promotion examination. Thus, whether Plaintiff was previously disciplined does

not affect whether he is similarly situated to Petrik and Holder. It is undisputed that Plaintiff,

Petrik, and Holder were all on this list; and, therefore, all three were similarly situated.

Defendants also assert that Plaintiff's disciplinary history was the legitimate, non-

discriminatory reason for not promoting Plaintiff. Defendants contend that Chief Yott prepared a

written recommendation for the Board of Fire and Police Commissioners for the City of

Palos Heights which revealed Plaintiff was the only candidate for a promotion to sergeant that

was disciplined. Defs.' 56.1 ¶ 45. Defendants thus argue that "[b]ased upon the information set

forth in Chief Yott's three-page recommendation, primarily [Plaintiff's] disciplinary history and

the input from supervisors and administrative staff, the Board of Fire and Police Commissioners

promoted Timothy Holder to the position of sergeant." Defs.' 56.1 ¶ 46.

A legitimate, non-discriminatory reason for failing to promote Plaintiff is pretextual if the

reason is "a lie, specifically a phony reason for some action." Plaintiff may establish pretext by

8

showing that Defendants' explanation: (1) had no basis in fact, (2) was not the "real reason," or (3) was insufficient to warrant the denial of Plaintiff's promotion. *James v. Sheahan*, 137 F.3d 1003, 1007 (7th Cir. 1998).

Here, a genuine issue of material fact exists as to whether Defendants' legitimate, non-discriminatory reason for not promoting Plaintiff had a basis in fact. As Plaintiff points out, one of the members of the Board of Fire and Police Commissioners did not recall seeing Chief Yott's recommendation. Pl.'s Resp. to Defs.' 56.1 ¶ 46. Therefore, a genuine issue of material fact exists as to whether the Board of Fire and Police Commissioners actually relied on Chief Yott's recommendation in making the relevant promotion decision.

Finally, Defendants contend that Chief Yott did not make the ultimate employment decision and, therefore, should be granted summary judgment. However, Plaintiff alleges that Chief Yott made derogatory remarks to Plaintiff and also authored the recommendation memorandum. Plaintiff also alleges that Chief Yott was involved in the conspiracy to dismiss. In its reply, Defendants offer nothing to the contrary. Accordingly, summary judgment as to Chief Yott is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted in part and denied in part. Defendants are granted summary judgment as to Plaintiff's breach of contract claim and Plaintiff's due process claim.

Dated: *August 31, 2004*

JOHN W. DARRAH
United States District Judge